JANVIER, Judge.
Plaintiff, Mrs. Henrietta Filiberto, widow of Walter William Wedell, having paid to defendant, Conditioned Air Company, Inc., $1,849 as the contract price for the installation of an air-conditioning system in her residence, 522 Emerald Street, in New Orleans, brought this suit against the said corporation praying for judgment for $611.-41, $563.41 of which is alleged to represent the cost of remedying defects in the system and $48 of which is alleged to represent the cost of repairing ceiling damage resulting from water which seeped into the ceiling as a result of alleged defects in the cooling system.
Defendant denied that there had been any defects in the system and averred that if any faults had been discovered, they made their appearance after the expiration of the guaranty period set forth in the con-tiact, and defendant also averred that any such defects resulted from negligence of the plaintiff in failing to maintain the system properly after the expiration of the guaranty period.
From a judgment in favor of plaintiff as prayed for defendant has appealed sus-pensively.
The record shows that the installation of the cooling system was completed on June 10, 1955. There is considerable dispute over the question of when the defects which plaintiff alleges existed began to make their appearance. Mr. Elmore James Shepherd, who, as president of the defendant corporation, executed the contract, stated that during the year following the com *749 pletion of the installation, he had been called five times by Mrs. Wedell, but that each call had been merely for the purpose of making adjustments in the temperature control mechanism, and that on one occasion, on a Sunday afternoon, Mrs. Wedell had called to say that “they had water in the drain pan.” He says that he learned that, on another occasion, a competitor of his had been called in to open a clogged drain in the water pan under the cooling unit. Mrs. Wedell and her son stated that almost immediately after the completion of the installation trouble began to appear.
It is certain that the defendant was called on many occasions because the system was not operating properly, and whether this was due to basic defects in the system, or was due to improper maintenance by the plaintiff is the principal question which confronts us.
The record is voluminous and contains the testimony of many witnesses as to the cause of the trouble. Whatever the cause was, we can reach no other conclusion than that, almost immediately after the completion of the installation, the system began to give trouble, and that the defendant was called upon very often to eliminate faults or defective operations. Whatever the trouble may have been, in July, 1957, Mrs. Wedell employed another air-conditioning company to attempt to remedy the situation. The record convinces us that there were basic changes made in parts of the system and as a result the system now seems to operate properly.
■Were it not for the finding of the District Court it would be most difficult indeed for us to determine whether there were basic defects in the system, or whether the trouble resulted from improper maintenance.
‘ In view of the finding however of the District Court we can reach no other conclusion than that there were defects in the system which have been eliminated at the cost to the plaintiff of the amount alleged.
The cost of repairing the ceiling was made necessary by the defects and we therefore reach the conclusion that the defendant is liable both for the cost of repairing the defects in the system and for the damage caused by those defects.
Accordingly the judgment appealed from is affirmed at the cost of appellant.
Affirmed.